IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROSPECT FUNDING HOLDINGS (NY), LLC, | |
| Plaintiff, | 8:18-CV-15 |
| vs. | ORDER |
| RONALD J. PALAGI, P.C., L.L.C., et al., | |
| Defendants. | |

This matter is before the Court on the plaintiff's motion for leave to file a reply brief (filing 12). The Court will grant that motion, but will do so by establishing a briefing schedule for both parties to fully submit their claims to the Court for disposition.

There may be some initial confusion about the nature of this action. Generally described, the plaintiff seeks judicial confirmation of an arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq*. The plaintiff's initial pleading (filing 1) is captioned as an "Application to Confirm Arbitration Awards," but was electronically filed in CM/ECF as a complaint.[1] The defendants' initial pleading (filing 11) is captioned as an "Answer to Application and Cross-Petition to Vacate Arbitration Award," but was electronically filed in CM/ECF as an answer. It was accompanied by a short affidavit (filing 11-1), but no briefing or citation to authority establishing the legal basis for either opposing the plaintiff's application or vacating the arbitration award.

---

[1] To be clear, the Court is not criticizing plaintiff's counsel for that: the Court is aware that CM/ECF has a limited selection of initiating documents for an attorney opening a new case.

Because of the possibility that the defendants were confused by the plaintiff's initial filing, the Court will provide the defendants with an opportunity to correct that deficiency. To make sure everyone is on the same page: an application to the Court under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions" except as otherwise provided. 9 U.S.C. § 6. That means the Federal Rules of Civil Procedure and this district's Local Rules relating to motion practice. See Fed. R. Civ. P. 81(a)(6); NEGenR 1.1(a).

So, the plaintiff's application (filing 1), which was supported by a brief and evidence (filing 2) as required by NECivR 7.1(a), shall be treated as a motion to confirm an arbitration award pursuant to 9 U.S.C. § 9. The defendants shall have 21 days to file a brief in response and any necessary supporting evidence, pursuant to NECivR 7.1(b), and the plaintiff may reply in support of its motion pursuant to NECivR 7.1(c). Any request to vacate the arbitration award pursuant to 9 U.S.C. § 10 shall be filed as a separate motion, to which the plaintiff may respond and the defendants may reply, as provided by NECivR 7.1.[2]

IT IS ORDERED:

1. The plaintiff's motion for leave to file a reply brief (filing 12) is granted.

---

[2] By setting a deadline for filing such a motion, the Court expresses no conclusion as to whether the motion would be timely. *See* 9 U.S.C. § 12.

2.  The defendants may respond to the plaintiff's application to confirm arbitration awards (filing 1) on or before March 23, 2018, pursuant to NECivR 7.1(b).

3.  The plaintiff may reply in support of its application on or before March 30, 2018, pursuant to NECivR 7.1(c).

4.  The Clerk of the Court shall set a case management deadline for March 30, 2018, with the following docket text: Check on submission of plaintiff's application to confirm arbitration awards.

5.  Any request from the defendants to vacate the arbitration award shall be presented by separate motion, filed pursuant to NECivR 7.1(a), on or before March 23, 2018.

6.  The plaintiff may respond to such a motion, should one be filed, on or before April 13, 2018, and the defendants may reply in support of their anticipated motion on or before April 20, 2018.

Dated this 2nd day of March, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge