IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROSPECT FUNDING HOLDINGS (NY) LLC, | |
| Plaintiff and counterclaim defendant, | |
| vs. | 8:18-CV-15 |
| RONALD J. PALAGI, P.C., LLC and CHE STUBBLEFIELD, | ORDER TO SHOW CAUSE |
| Defendants and counterclaimants, | |
| and | |
| RONALD J. PALAGI, | |
| Defendant. | |

This matter is before the Court on the motion filed by Ronald J. Palagi and his eponymous law firm (collectively, Palagi) to vacate an arbitration award entered against them in favor of the plaintiff, Prospect Funding. Filing 91. The Court will order Prospect Funding to show cause why the motion should not be granted and the arbitration award vacated.

BACKGROUND

This case began with Prospect Funding's motion to confirm two arbitration awards entered in 2017. Filing 1. Palagi opposed confirmation and sought to vacate the award against his law firm. Filing 11. After a fair amount of procedural wrangling, the Court ultimately granted Palagi relief. Filing 89.

In particular, the Court found that the arbitration respondents, including Palagi, hadn't been given proper notice of the either the arbitration proceedings or entry of the arbitration awards. Filing 89 at 7-12. And so, the Court concluded, the arbitrators were guilty of misconduct prejudicial to the respondents' rights, warranting vacation of the awards. Filing 89 at 12. No appeal was taken from that decision.

Allegedly, instead of appealing, Prospect Funding decided to simply begin anew: Palagi has provided the Court with a copy of an arbitration award entered March 10, 2021 that, according to Palagi, is premised on the same contract that had been the subject of the previous awards at issue in this case. Filing 91 at 3; filing 92 at 1. Palagi alleges that the award was made, again, "without prior notice" to the respondents. Filing 91 at 1; *see* filing 92 at 1.

So, Palagi seeks to have the new award vacated pursuant to the Federal Arbitration Act, 9 U.S.C. § 10. Filing 91. Palagi represents that a copy of its motion was served on Prospect Funding by certified mail, filing 91 at 2, but Prospect Funding has not responded.

## DISCUSSION

Procedurally, this case is unusual, but so is the Federal Arbitration Act. Applications to the Court made under the Federal Arbitration Act, Congress has instructed, "shall be made and heard in the manner provided by law for the making and hearing of motions[.]" 9 U.S.C. § 6. In other words, a filing asking the Court to confirm or vacate an arbitration award is treated like a motion, not a pleading. *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 585 (D.C. Cir. 2020); *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 308 (3d Cir. 2006); *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 103 S. Ct. 927, 940 n.26 (1983).

It is peculiar that Palagi brought this matter to the Court in a motion filed in a long-closed case. But it's no more peculiar than the existence of a case that technically doesn't contain a "pleading" at all. *See id.* So the Court has considered whether the procedure initiated by Palagi is appropriate…but the Court can't find anything saying it's inappropriate, and short of gouging Palagi out of a filing fee, there's no practical difference between deciding this motion as filed or demanding that Palagi refile it on a fresh docket. Because that's just a matter of form over substance, the Court might as well get to the merits.

And the Court's position on the merits—at least, if Palagi's allegations are true—is already clear: if the award was entered without actual notice of the arbitration proceeding in the form prescribed by the arbitration agreement and New York law, then the award is void and unenforceable. Filing 89 at 7-9. And that's the law of the case as far as these parties are concerned. *See United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019), *cert. denied,* 140 S. Ct. 826 (2020); *In re Tri-State Fin., LLC*, 885 F.3d 528, 533 (8th Cir. 2018). The Court also previously expressed doubts about whether Palagi could be bound to the underlying agreement and thus to its arbitration clause. Filing 32 at 15. That issue proved unnecessary to resolve before, given the lack of notice, but it's still a concern—and someone who hasn't agreed to arbitrate a dispute can't be forced to do so. *See Howsam v. Dean Witter Reynolds, Inc.*, 123 S. Ct. 588, 591 (2002); *Northport Health Servs. of Ark., LLC v. Posey*, 930 F.3d 1027, 1030 (8th Cir. 2019); *Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.*, 634 F.3d 466, 469 (8th Cir. 2011).

In sum, the facts asserted by Palagi, if true, warrant vacating the arbitration award. Of course, at this point, Palagi has only filed a motion and brief, and hasn't submitted any actual *evidence* in support. See NECivR 7.1(a)(2). There's no sworn statement or other competent evidence proving that

notice wasn't given or received. Nor, even, is there anything in the record demonstrating that this arbitration award was actually premised on the same agreement as the previous awards—Palagi has, after all, engaged with Prospect Funding in other cases. *See Ronald J. Palagi, P.C., LLC v. Prospect Funding Holdings (NY), LLC*, 925 N.W.2d 344 (Neb. 2019).[1]

On the other hand, at this point, Prospect Funding hasn't opposed Palagi's motion—and while that doesn't confess the motion, it may preclude contesting Palagi's statement of facts. *See* NECivR 7.1(b)(1)(C). But given the unusual procedural posture of this case, the Court will go an extra lap in permitting Prospect Funding to respond. Prospect Funding will have three weeks to show cause, given the facts alleged and the Court's reasoning above, why Palagi's motion shouldn't be granted and the arbitration award vacated. Should Prospect Funding appear to contest the motion, Palagi may then have two weeks to reply in support of the motion (and to provide evidentiary support for any contested facts).

IT IS ORDERED:

1. Prospect Funding shall show cause, on or before June 1, 2021, why Palagi's motion to vacate (filing 91) should not be granted and the arbitration award of March 10, 2021 should not be vacated.

---

[1] That said, it's entirely possible that an arbitration award premised on a different agreement can still be tested here. After all, this would be an appropriate venue regardless. *See* 28 U.S.C. § 1391(b)(2); *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 120 S. Ct. 1331, 1335 (2000).

2.  Should Prospect Funding respond, Palagi may reply in support of the motion to vacate on or before June 15, 2021.

3.  The Clerk of the Court shall set a response deadline for the motion to vacate (filing 91) of June 1, 2021 and a reply deadline of June 15, 2021.

4.  The Clerk of the Court shall send a copy of this order by certified mail to each of the following addresses:

    > Prospect Funding Holdings (NY) LLC
    > 276 Fifth Ave, Ste 704
    > New York, NY 10001
    >
    > Prospect Funding Holdings (NY) LLC
    > 13911 Ridgedale Dr, Ste 230
    > Minnetonka, MN 55305
    >
    > Prospect Funding Holdings (NY) LLC
    > c/o Mark Larsen
    > 355 Bleeker St, Ste 3
    > New York, NY 10014

Dated this 7th day of May, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge