IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PROSPECT FUNDING HOLDINGS
(NY) LLC,

          Plaintiff and
          counterclaim
          defendant,

vs.

RONALD J. PALAGI, P.C., LLC and
CHE STUBBLEFIELD,

          Defendants and
          counterclaimants,

and

RONALD J. PALAGI,

          Defendant.

8:18-CV-15


MEMORANDUM AND ORDER

This matter is before the Court on a motion to vacate an arbitration award filed by Ronald J. Palagi and Ronald J. Palagi, P.C., LLC (hereinafter, "RJP") (filing 91), a motion to dismiss that motion filed by Prospect Funding Holdings (NY), LLC (filing 97), and a motion to supplement the record filed by Prospect Funding (filing 107). For the reasons explained below, the Court will grant the motion to supplement the record, but deny the motion to dismiss and grant the motion to vacate.


BACKGROUND

The facts of the underlying dispute between Palagi and Prospect Funding are set forth in the Court's Memorandum and Order of September 30,

2019, in which the Court vacated two arbitration awards that Prospect Funding had previously obtained against RJP and its client pursuant to a litigation funding agreement the client had entered into in 2016. Filing 89. That didn't deter Prospect Funding from trying again, this time obtaining an arbitration award in the amount of $261,082 against RJP and Palagi personally (collectively, Palagi)[1] premised on an alleged breach of contract. Filing 91 at 3. So, upon being notified of that award, Palagi filed an application in this case to vacate the arbitration award. Among other things, Palagi argued that neither he nor RJP were parties to the underlying agreement and its arbitration clause, so the arbitration proceeding was improper. Filing 92.

The Court entered an order to show cause why Palagi's motion shouldn't be granted. Filing 93. The Court specifically noted its concern with whether Palagi was party to the underlying agreement and thus to the arbitration clause. Filing 93 at 3. In response, Prospect Funding filed a motion to dismiss, primarily objecting to the unusual procedural posture of Palagi's motion. Filing 97; *see* filing 98. Prospect Funding made no arguments defending the substantive propriety of the arbitration award. *See* filing 98.

After that, Prospect Funding moved to supplement the record with evidence of a New York state court decision confirming the arbitration award. Filing 107. Palagi did not appear in New York to defend, so both the award and Prospect Funding's petition to confirm it had been granted by default. Filing 91 at 3; filing 107-2. Prospect Funding argued that as a result of the New York decision, Palagi's arguments here are barred by *res judicata*. Filing 107 at 1.

---

[1] Generally, the Court will refer to Palagi in his personal capacity and his eponymous law firm collectively as "Palagi." However, where it's necessary to distinguish between them, the Court will refer to Palagi by name and his law firm as "RJP."

Palagi, however, reiterated an argument he has made throughout: that New York courts have no jurisdiction over him. Filing 109 at 2.

## DISCUSSION

### ARBITRABILITY OF DISPUTE

To begin with, one thing is largely uncontested: Neither Palagi nor RJP was a party to the litigation funding agreement that Prospect Funding accuses them of breaching. That's important because whether the parties entered into a valid arbitration agreement is a "gateway" question to the arbitrability of the dispute. *See Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 761 (8th Cir. 2021). Arbitration is a matter of contract, meaning that disputes are arbitrable only to the extent an agreement between the parties says so. *Foster v. Walmart, Inc.*, 15 F.4th 860, 862 (8th Cir. 2021). So, the Court must determine if the record reveals a material issue of fact on whether the parties had an agreement to arbitrate. *Id*. at 862.

And here, the material facts are not in dispute. *See id*. at 864. Palagi's signature only appears under an "attorney acknowledgement" in a "Letter of Irrevocable Direction" that Prospect Funding required Palagi's client to execute to Palagi. Neither Palagi nor RJP were identified as parties in the agreement itself, nor did the letter that Palagi acknowledged impose obligations to Prospect Funding upon Palagi. As the New York Supreme Court, Appellate Division, recently explained in another case involving Prospect Funding, on what seem to be identical documents executed by Prospect Funding, a lawyer and his law firm, and the lawyer's client:

> the relevant documents do not identify the [defendant lawyer or law firm] as parties and do not impose upon them any obligations to [Prospect Funding]. The parties identified in those documents

are [Prospect Funding], as "Seller," and [the client], as "Purchaser." The Purchase Agreement is signed by [the client] and [Prospect Funding]'s representative, not by the [lawyer or law firm]. The liquidated damages provision of the Purchase Agreement defines [Prospect Funding]'s remedies against [the client] (seller) upon seller's defaults. The annexed "Important Information" is signed by [the client] only. In his capacity as [the client]'s attorney, [the lawyer] signed a "Certification" below [the client]'s signature on the Important Information document, stating that he discussed the terms and conditions of the Purchase Agreement with [the client], that he has a contingency fee agreement with her, that all proceeds of the suit in which he is representing her will be disbursed via the attorney's trust account, and that he is following [the client]'s written instructions with regard to the Purchase Agreement. Those written instructions are contained in the "Irrevocable Letter of Direction," in which [the client] instructs [the lawyer] "NOT to release any funds to me until any dispute with [Prospect Funding] is resolved." [The lawyer] also signed an "Attorney Acknowledgment" at the end of the Irrevocable Letter of Direction, acknowledging receipt of the letter from his client and reiterating his agreement to follow his client's direction, and stating that [Prospect Funding] "has relied" on the Irrevocable Letter of Direction and the Attorney Acknowledgment.

*Prospect Funding Holdings, LLC v. Paiz*, 124 N.Y.S.3d 685, 687 (App. Div.), *leave to appeal denied*, 157 N.E.3d 132 (N.Y. 2020) (brackets in original removed). Accordingly, the Appellate Division concluded that Prospect Funding's "breach of contract claim was correctly dismissed." *Id*.

Given that disputes under the agreement were to be resolved "in New York in and under the laws of the State of New York," filing 105-2 at 9, the Appellate Division's decision regarding the scope of that agreement is extremely persuasive. *See Jacobson Warehouse Co. v. Schnuck Mkts., Inc.*, 13 F.4th 659, 671 (8th Cir. 2021). The Court likewise concludes that neither Palagi nor RJP were parties to the agreement, accordingly, vacating the arbitration award premised on that agreement is proper. *See* 9 U.S.C. § 10.

PROCEDURAL ISSUES

Rather than contest that point, Prospect Funding advances a number of procedural complaints, many of which they frame as jurisdictional. Filing 98. They direct most of their grievances at Palagi's decision to file a motion to vacate in this existing case, rather than initiating a new civil case and paying a new filing fee. *See* filing 48 at 4-10.

The Court touched on some of this before—before ordering Prospect Funding to show cause why Palagi's motion shouldn't be granted, the Court considered the unusual procedural posture of the case. Filing 93 at 2-3. Generally, the Court's observation was that while this case is unusual, so is the Federal Arbitration Act, and the Court declined to dispose of Palagi's motion on procedural grounds in the absence of any authority clearly compelling that result. *See* filing 93. There is, after all, a judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir. 2010).

Nothing Prospect Funding is arguing now has changed the Court's position. First, Prospect Funding argues that the Federal Rules of Civil Procedure don't permit a motion to vacate from being filed in a closed case

related to a different arbitration.[2] Filing 98 at 5. Well, why not? Nothing in the Federal Rules of Civil Procedure speaks directly to motions arising under the Federal Arbitration Act except Rule 81(a)(6)(B), which provides that the Rules govern proceedings arising under the Act and other specified federal laws "except as these laws provide other procedures." And the Act itself says that applications "hereunder shall be made and heard in the manner provided by law for the making of and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6.

As the Court observed before, that's already peculiar, insofar as it creates cases that don't technically contain "pleadings": after all, there are only a few things that qualify as "pleadings" under the Rules, and even now this case contains none of them.[3] *See* Rule 7(a); *New Eng. Reins. Corp. v. Tenn. Ins. Co.*, 780 F. Supp. 73, 78 (D. Mass. 1991); *see also* *Chelmowski v. AT & T Mobility, LLC*, 615 F. App'x 380, 381 (7th Cir. 2015). Prospect Funding insists that because a new arbitration award is now involved, it should be a new "action," but that begs the question of whether it's an "action" at all, given that it wasn't initiated by a complaint. *See* Rule 3 (a "civil action is commenced by filing a complaint with the court.")[4]

---

[2] Prospect Funding also argues that the Court's inherent powers don't authorize such a motion. But that's not really the issue, because the Federal Arbitration Act does—the question really is whether anything else divests the Court of its authority to dispose of applications under the Act unless the application is filed in a separate case.

[3] The initiating document was filed as a "Complaint," *see* filing 1, but that's almost certainly because CM/ECF provides a filer opening a civil case with a rather limited selection of filing events for an initiating document.

[4] The precise language of 9 U.S.C. § 13 is also interesting in that regard, because it provides for the entry of judgment on an order confirming, modifying, or correcting an award, and

This may involve a different arbitration award from the one that this case commenced with, but it's based on the same arbitration clause and the same alleged breach of the same alleged contract. The Federal Arbitration Act permits Palagi to file a motion to vacate an award, and he did. To file that motion, as a practical matter, he needed a case and docket number, which he already had for a case arising from exactly the same controversy. Prospect Funding's argument that an entirely new proceeding was required not only puts form above substance, it puts semantics above both.

Prospect Funding also refers the Court to several rules of civil procedure that, according to Prospect Funding, limit the opportunities for a party to seek post-judgment relief. Filing 98 at 5-6 (citing Rule 50(b); Rule 52(b); Rule 54; Rule 59(b), (e); Rule 60(b)). True for what it's worth, but that's not much, because those rules primarily constrain a party's ability to seek relief *from* a previous judgment—in other words, to attack it.[5] Of course, Palagi's not attacking a previous judgment here.[6]

---

states that the judgment "shall be docketed *as if* it was rendered in an action"—which implies that it actually wasn't.

[5] The exception is Rule 54, but that rule's deadline for a motion for costs and attorney's fees is similar in the sense that it is tethered to the original judgment.

[6] The Court entered a separate judgment before pursuant to Rule 58(a), and it will do so again, but that's not necessary to make its order final and appealable—the Act provides that an appeal may be taken from an order confirming or denying confirmation of an award or an order modifying, correcting, or vacating an award. 9 U.S.C. § 16(a); *see Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 104 (1st Cir. 1995); *see generally Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386-88 (1978). The sole purpose of Rule 58(a) is to clarify when the time for appeal begins to run, *see Bankers Trust Co.*, 435 U.S. at 384, and that salutary purpose warrants the entry of a separate judgment here, *see Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327,

Prospect Funding offers a hodgepodge of other procedural arguments, but they're quickly disposed of. Prospect Funding suggests that Palagi, in his personal capacity, isn't a proper movant because he didn't follow the rules for intervening and RJP didn't follow the rules for joinder. *See* filing 98 at 10-11. But that again assumes this is an ordinary "civil action," rather than the *sui generis* proceeding initiated by an application under the Federal Arbitration Act. And under the Act, parties are brought before the Court by their motion.

Prospect Funding also argues that diversity jurisdiction is now lacking because Palagi's client, not part of the new arbitration award, is actually aligned with Prospect Funding as the arbitration award could extinguish his potential liability on the agreement. *See* filing 98 at 9-10. The Court isn't convinced he's still a "party" for those purposes—after all, he has no pending motions and no motions are pending against him—but even then, the Court is unpersuaded that he lacks an "actual and substantial conflict" with Prospect Funding over the primary purpose of this litigation. *See Interlachen Properties, LLC v. State Auto Ins. Co.*, 136 F. Supp. 3d 1061, 1067 (D. Minn. 2015); *Polanco v. H.B. Fuller Co.*, 941 F. Supp. 1512, 1523 (D. Minn. 1996).

Finally, Prospect Funding claims that service of process was not accomplished because Prospect Funding is a resident of New York, not Nebraska, so service had to be accomplished by the marshal or, at the very least, pursuant to Rule 4. Filing 98 at 11-12; *see generally VentureForth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147, 148-49 (D.D.C. 2015). But that wasn't necessary where Prospect Funding had already brought the dispute between the parties before the Court. *See Greenwich Ins. Co. v. Goff Grp., Inc.*,

---

336-37 (5th Cir. 2004). But that's not some sort of incantation placing an unbreakable wizard's seal on the docket.

159 F. App'x 409, 411 (3d Cir. 2005); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir. 1985); *see generally* Rule 5.

## RES JUDICATA

In support of its motion to dismiss, Prospect Funding argued in the alternative that this Court should abstain from deciding Palagi's motion in deference to a pending New York state court proceeding to confirm the award. Filing 98 at 12-19. But that request became moot when the New York court entered an order confirming the award. Filing 107-2; filing 107-3. Prospect Funding now argues that any challenge to the award is barred by *res judicata*. *See* filing 107; filing 110. And that argument implicates the Court's constitutional obligation to give full faith and credit to the New York judgment.

Generally, the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced. *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 704 (1982). But that's only if the state court had jurisdiction to enter the judgment. *Id*. Consequently, before a court is bound by the originating state court's judgment, it may inquire into the jurisdictional basis of the state court's decree—and if that court did not have full jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given. *Id*.; *V.L. v. E.L.*, 577 U.S. 404, 407 (2016).

That inquiry is limited: if the judgment on its face appears to be a record of a court of general jurisdiction, that court's jurisdiction over the cause and parties is presumed unless disproved by extrinsic evidence or the record itself. *V.L.*, 577 U.S. at 407. But few principles in federal law are as well-established as this one: Due process requires a defendant to be subject to the personal jurisdiction of the court, and a state court may exercise personal jurisdiction over a nonresident defendant only so long as there are "minimum contacts"

between the defendant and the forum state. *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 291 (1980). And a judgment rendered in violation of due process is void in the rendering state and not entitled to full faith and credit elsewhere. *Id*. The Due Process Clause simply does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations. *Id*. at 565 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

The evidence on this point is succinct, but suffices: Palagi avers that neither he nor RJP had any contact with New York sufficient to give its courts personal jurisdiction. Filing 105-1 at 1. And Palagi has argued throughout this proceeding that neither he nor RJP is subject to personal jurisdiction in New York. *See* filing 104 at 5-6; filing 109;  Prospect Funding provides no evidence of *any* contact between Palagi and New York to rebut that. Instead, Prospect Funding's only argument with respect to personal jurisdiction is that Palagi consented to jurisdiction in New York in the underlying agreement. Filing 106 at 4 n.2; *see* filing 110 at 3.

But that, of course, is premised on the assumption that Palagi and RJP were *parties* to the agreement. As the Court explained above, they weren't. And there is nothing in this Court's record to refute Palagi's thin but unrefuted assertion that he did not have minimum contacts with New York.

CONCLUSION

Neither Palagi nor RJP were parties to the underlying contract that was allegedly breached, so they were not subject to arbitration and the award against them is void. Although filing their motion to vacate in this existing case arising out of the same dispute is unorthodox, the Court finds nothing compelling it to throw the motion out on procedural grounds, and instead is

guided by the judicial preference for resolving disputes on their merits.[7] And the New York state court's decision in Prospect Funding's favor is not binding on this Court because the New York decision was entered in violation of the Due Process Clause. Accordingly,

IT IS ORDERED:

1.     Prospect Funding's motion to supplement the record (filing 107) is granted.

2.     Prospect Funding's motion to dismiss (filing 97) is denied.

3.     Palagi's motion to vacate (filing 91) is granted.

4.     The arbitration award is vacated.

5.     A separate judgment will be entered.

Dated this 28th day of March, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[7] It should be said, though: it's not entirely clear why Palagi chose to drive through so many procedural potholes instead of simply taking the safer route of filing a new action. Surely the expense of the filing fee and bother of serving process are inconsequential when compared to the amount of the award. But here we are, so the Court has resolved the issues the parties have created as best it can.